HLD-003                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2701
_____

IN RE: RICHARD ANTONIO HODGE, JR.,
Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 3:14-cr-0001-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 7, 2024

Before: CHAGARES, Chief Judge, HARDIMAN, and PORTER, Circuit Judges

(Opinion filed: December 31, 2024)
_____

OPINION*
_____

PER CURIAM

     Pro se petitioner Richard Hodge, Jr. seeks a writ of mandamus to compel the

District Court to rule on his motion pursuant to 28 U.S.C. § 2255.  For the reasons that

follow, we will deny the mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In November 2022, Hodge filed a § 2255 motion challenging a conviction from 2015. In April 2024, a Magistrate Judge issued a report that recommended denying his motion. Hodge mailed objections to the District Court, which were received in May 2024 but were not docketed until October 2024. He also mailed a motion to amend his § 2255 motion in November 2023, which was ultimately docketed with Hodge's objections. In September 2024, he filed a mandamus petition alleging that the District Court has delayed ruling on his filings and seeks this Court's intervention with obtaining a decision on both motions.

A writ of mandamus is a "drastic remedy" that may be granted only in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "[M]atters of docket control . . . are committed to the sound discretion of the district court." In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (citation omitted). However, a writ of mandamus may be warranted where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Because it appears that the Clerk of the District Court only recently docketed Hodge's motion to amend and objections, we have full confidence that the District Court will rule on Hodge's motions without undue delay. Accordingly, we will deny Hodge's mandamus petition.